RICARDO FERRO y NÉLIDA CURTO DE FERRO, demandantes y recurridos, *v.* AUTORIDAD METROPOLITANA DE AUTOBUSES, demandada y recurrente.

*Número:* R-63-292    *Resuelto:* 19 de febrero de 1965

*Alberto Picó* y *Francisco A. Rosa Silva,* abogados de la recurrente; *Julio Suárez Garriga,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: La demandante sufrió una caída al descender de un autobús perteneciente a la Autoridad Metropolitana de Autobuses. Sufrió daños y el tribunal de instancia la resarció condenando a la Autoridad a pagarle $1,500 más $500 de honorarios de abogado. Accedimos a revisar la sentencia recaída.

El tribunal sentenciador determinó que "el accidente ocurrió porque los escalones de salida de la guagua en cuestión eran de metal, tenían más de 4 años de uso, estaban bastantes desgastados y no tenían la protección de alfombra de goma como tienen otros autobuses de la misma Autoridad,

a consecuencia de cuyas circunstancias la demandante resbaló al apoyar su pie en el último escalón cayendo de bruces a la acera de la mencionada avenida." Concluyó que "el accidente se debió a la negligencia de la demandada al mantener los referidos escalones en la forma descrita anteriormente."

La demandante fue la única que declaró sobre las condiciones de los escalones del autobús. Manifestó que no tenían goma que "fue como si yo hubiera pisado hielo" y luego de haberse caído "lo miré de abajo y vi que brillaba, lo vi desde abajo." Declaró además que estaba mojado el escalón y afirma que "estaban gastados no por lo que vi sino por lo que sentí."

El único testigo presencial de la demandante afirma que no observó el último escalón.

Antes del juicio se le tomó una deposición a la demandante y ésta afirmó que luego del accidente el conductor del autobús comentó "Efectivamente usted vio que no es negligencia mía porque todo fue correctamente sino que el escalón ése está completamente gastado." Ahora bien, cuando testificó en la vista del caso dijo que el conductor había manifestado "usted ve que no fue negligencia mía porque yo abrí la puerta." No hace referencia a la manifestación del conductor relacionada con la condición del escalón.

■ La prueba anteriormente reseñada no es suficiente para establecer que los escalones estuvieran lisos, máxime si se considera que la parte demandada presentó en evidencia unas fotografías de los escalones y éstas muestran que tenían estrías y no estaban lisos o gastados. La ausencia de goma en los escalones no constituye negligencia; pueden ser seguros sin tener que estar protegidos por alfombras de goma cuando como en el presente caso tienen estrías cuyo propósito es evitar una superficie completamente lisa que propicie las caídas. *Torres* v. *Metropolitan School,* 91 D.P.R. 1 (1964); *Weber* v. *Mejías,* 85 D.P.R. 76 (1962) y *Goose* v. *Hilton Hotels,* 79 D.P.R. 523 (1956).

■ Parece que el accidente se debió no a un resbalón sino a que la demandante no se fijó donde ponía el pie ya que cayó hacia el frente. La demandante declaró en la deposición que "la guagua estaba detenida y caí de cabeza contra la rueda del carrito de piraguas." Al preguntársele "en qué escalón resbaló" contestó "Cuando fui a poner el pie en el primer escalón lo puse directamente en la calle; ni siquiera lo puse en la calle porque caí de cabeza afuera."

*Es evidente que la prueba no estableció la responsabilidad de la demandada. Procede revocar la sentencia y declarar sin lugar la demanda.*